IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT MYERS, No. B-86932,**

    **Petitioner,**

**vs.**                                                    **CIVIL NO. 16-cv-839-DRH**

**ROBERT MUELLER,**

    **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Robert Myers is currently incarcerated in the Centralia Correctional Center in Centralia, Illinois, which is located within the Southern District of Illinois. On July 25, 2016, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Illinois.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## Background

On December 19, 2008, Myers was convicted of a single count of attempted first degree murder after a jury returned a verdict of guilty (Doc. 1 at 1-2). Myers was sentenced to 22 years in the Illinois Department of Corrections on March 31, 2009 (*Id.*). Following his conviction and sentencing, Myers pursued a direct appeal wherein he alleged that he was denied a fair trial due to the trial court's failure to question prospective jurors regarding certain issues (*Id.* at 2). After the appellate court affirmed his conviction, he did not seek higher review (*Id.* at 2-3).

In March of 2011, Myers filed a post-conviction petition with the Fifth Judicial District Appellate Court of Illinois (*Id.* at 3-4). In that petition, he argued that his trial counsel was ineffective for failing to call a witness to testify at his trial (*Id.*). He alleged that had the witness testified, she would have told the jurors that during a break in the trial she heard the victim of Myers's criminal actions saying that she was unable to identify her assailant (*Id.* at 3-4, 20-24). Myers alleged that the testimony would have proven exculpatory (*Id.*). Myers did not appeal the denial of his post-conviction petition to the state's highest court (*Id.* at 5). However, he did append an excerpt of the Appellate Court Order denying his petition on the merits (*Id.* at 20-23).

Myers does not allege that he pursued any subsequent state law remedies. Instead, Myers filed the present petition with this Court alleging ineffective assistance of counsel.

## The Petition

In his present petition, Myers alleges that his counsel was ineffective, causing him to reject a plea offer that contemplated a 15-year term of imprisonment. (Doc. 1 at 8). Rather than taking the plea offer, Myers alleges that he relied upon his counsel's erroneous opinion that she could beat the case (*Id.*). Myers was ultimately sentenced to 22 years in prison (*Id.* at 1). Myers also alleges that he did not raise this particular aspect of ineffective assistance of counsel in his original state post-conviction petition because his appointed counsel refused to do so (*Id.* at 8, 16).

It is unclear from the present petition whether Myers is attempting to raise an ineffective assistance of counsel claim against his trial counsel or his post-conviction counsel, but regardless of which claim he intends to raise his claim fails at this juncture. The Court will discuss why his claim would fail against his trial counsel or his post-conviction counsel, in turn, below.

## Discussion

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999).

A petitioner "shall not be deemed to have exhausted the remedies available...if he has the right under the law of the state to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits

> A district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This requirement stems from "the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).

Petitioner did seek review of an ineffective assistance of counsel claim at the state post-conviction level, but here he alleges ineffective assistance of counsel on different grounds than those raised in his state post-conviction proceedings. To the extent that he wishes to raise ineffective assistance of counsel of his trial attorney in the present petition based on novel factual assertions, he may not do so until he has exhausted his available state law remedies. Not only did he fail to raise these specific grounds in his post-conviction pleadings, but he also failed to appeal the denial of his post-conviction petition to the state's highest court. Accordingly, Myers's petition shall be dismissed.

Second, to the extent that Myers seeks to levy an ineffective assistance of counsel claim against his post-conviction counsel, his claim fails because he did not raise it in state court and claims of this nature are explicitly barred by § 2254(i). 28 U.S.C. § 2254 (i) ("The ineffectiveness or incompetence of counsel

during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")

Based on the foregoing analysis, Myers's Petition does not raise any claims that are fit for review under Section 2254 at this juncture. Accordingly, his petition shall be dismissed.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484-85.

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Furthermore, no reasonable jurist would find it appropriate to allow an ineffective assistance of

counsel claim to proceed based upon an allegation that post-conviction counsel was ineffective because such a claim is explicitly prohibited by § 2254(i). Accordingly, the Court denies a certificate of appealability.

## Conclusion

Myers's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice, and the Court shall not issue a certificate of appealability.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 19, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.09.19 15:12:17 -05'00'

United States District Judge